**FILED**
**U.S. District Court**
**District of Kansas**
11/20/2026
**Clerk, U.S. District Court**
**By:** MSB **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUANA RAMOS ORTIZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3410-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Guatemala, entered the United States in 2014 but was removed after expedited proceedings. She was encountered again in the United States later that year, her prior removal order was reinstated, and she was released on an order of supervision. Petitioner was detained by immigration officials on June 22, 2026, and her prior release was revoked. On October 16, 2026, an immigration judge denied her application for relief from removal to Guatemala, and petitioner has appealed that decision to the Board of Immigration Appeals (BIA), during which appeal petitioner may not be removed. Petitioner is presently in custody in this judicial district. On October 27, 2026,

petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

In her sole claim, petitioner argues that if she is being detained pursuant to 8 U.S.C. § 1226(a), she is entitled to a bond hearing in immigration court (although petitioner has not alleged that she has requested and been denied such a hearing in that court). Respondents have provided evidence, however, that petitioner's prior removal order was reinstated many years ago, and petitioner has not disputed that fact. Accordingly, Section 1226(a), which applies prior to entry of a final removal order, does not apply here. *See id.* Rather, petitioner's detention is governed by 8 U.S.C. § 1231(a)(6), which allows for detention after entry of a removal order. Thus, petitioner is not entitled to a bond hearing under that statute.

Nor has petitioner shown that her detention pending removal has become unreasonably indefinite entitling her to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents have provided evidence that petitioner's removal to Guatemala may be readily accomplished without delay if her BIA appeal proves unsuccessful; and the short delay thus far caused by her withholding-only proceedings does not make her detention

unreasonably indefinite for the purpose of *Zadvydas*. *See S.E.C. v. Olson*, 2026 WL 1993217, at *2 (D. Kan. July 10, 2026) (Lungstrum, J.). Moreover, petitioner's appeal was only recently filed, and thus petitioner has not shown that this is the exceptional case in which detention may violate due process despite a lack of entitlement to relief under *Zadvydas*. *See id.* at *3. Accordingly, petitioner has not shown that her detention without a bond hearing violates federal law, and thus the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 20th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge